Johnson, J.
We are very clearly of opinion that Mrs. Stuart was properly admitted as a witness. The rule, which excludes the wife from giving evidence for, or against the husband, is founded, in some degree, upon the legal identity of the husband and wife. On the one hand, they will not be permitted to manufacture evidence for themselves; and on the other, the common law will not permit that they shall be compelled to give evidence against themselves. Domestic quiet and the harmony of families have suggested the propriety of excluding it where it would be volunteered ; and in the case of Monroe v. Twisleton, (reported in App. to Peake’s Ev. p. 29.) the rule is, I think with great propriety, extended to a wife who has been divorced a vinculo matrimonii. The sacredness of the confidence existing in the relation of husband and wife ought never to be violated, unless for the most imperious necessity. But neither the rule, nor any of the reasons upon which it proceeds, have any, the most remote, application here. The husband is no party ; he has ceased to have any interest in temporal concerns. The defendant, the executor, represents the interests of the creditors, legatees, or distributees, as the case, may be ; and not the husband’s. There is no danger of matrimonial discord, nor is there any violation of confidence. She has only disclosed what the husband intended should be known. Without it, hie intention in making the gift would have been defeated.
O’Neall, J. concurred.
Motion refused.